Zheng v. Holder

BIA
Poczter, IJ
A087 982 254

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand fourteen.

PRESENT:
    ROSEMARY S. POOLER,
    DEBRA ANN LIVINGSTON,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

JIAN QING ZHENG,
        *Petitioner,*

        v.                                    12-4321
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Andy Wong, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Emily Anne Radford,
                       Assistant Director; Craig A. Newell,
                       Jr., Trial Attorney; Thanh Khiet T.
                       Nguyen, Law Clerk;  Office of
                       Immigration Litigation, United States
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Qing Zheng, a native and citizen of China, seeks review of an October 12, 2012 decision of the BIA affirming a July 18, 2011 decision of Immigration Judge ("IJ") Aviva L. Poczter, denying Zheng's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jian Qing Zheng*, No. A087 982 254 (B.I.A. Oct. 12, 2012), *aff'g* No. A087 982 254 (Immig. Ct. N.Y. City July 18, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision directly. *See Shunfu Li v. Mukasey,* 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-66 (2d Cir. 2008).

For applications like this one, governed by the REAL ID Act, the agency may base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether

2

they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007).  Analyzed under these standards, the agency's adverse credibility determination is supported by substantial evidence.

In finding Zheng not credible, the IJ reasonably relied on the inconsistency between his testimony and his statement in support of his asylum application as to whether he was questioned by the police when they raided his church.  This inconsistency was particularly significant because this event was Zheng's only allegation of past persecution, and he was unable to provide any explanation for the variation between his accounts.  Because the argument was not raised below, we decline to consider Zheng's assertion that the inconsistency is the result of a translation error in his statement.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007).

The IJ also reasonably relied on the inconsistencies in the record as to the immigration status of Zheng's stepmother, and whether anyone was arrested when the police came to the church he was attending.  Zheng was unable to reconcile his inconsistent statements about his stepmother's

3

citizenship, and we decline to consider the challenges to the credible fear interview he has raised for the first time in his appellate brief. *See Lin Zhong*, 480 F.3d at 107 n. 1.

In addition to these inconsistencies, the IJ reasonably found several aspects of Zheng's testimony to be implausible. Notably, Zheng testified that the church he attended was registered, and therefore "legal" in China, but was unable to explain why the police would harass or arrest members of a registered church.

Further, Zheng testified that he practiced Christianity in the United States but was unable to name any Christian holiday. Although a credibility finding based on an applicant's lack of doctrinal knowledge may be erroneous, here, the IJ did not err in relying in part on Zheng's inability to identify any Christian holidays, given his testimony that he had attended church regularly since entering the United States. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (rejecting "the rationale that a certain level of doctrinal knowledge is necessary in order to be eligible for asylum" on account of a religious affiliation, but recognizing that there may be "instances in

4

which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding").

Moreover, the IJ reasonably found implausible Zheng's testimony that his family was unable to provide a letter in support of his application due to his father's illiteracy, because he also testified that his father had applied for a visa on his behalf. A reasonable fact-finder would not be compelled to credit Zheng's explanation that his father had obtained help in applying for a visa, because this did not explain why his father could not also have found help to prepare a letter. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2009) (finding that, where the IJ's findings are "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," the inherent implausibility finding should not be disturbed); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so).

Accordingly, substantial evidence supports the agency's adverse credibility determination, *see* 8 U.S.C.

§ 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167, and it is not necessary to reach the IJ's alternative finding that, even if credible, Zheng failed to meet his burden of proof. Having reasonably found on credibility grounds that Zheng failed to establish eligibility for asylum, the agency did not err in denying withholding of removal and relief under the CAT, as these claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk